IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CELSO ROMERO-FIGUEROA,**

**Plaintiff,**

**v.**

**TRINITY SERVICES GROUP INC.,**

**Defendant.**

**CIVIL NO.  19-1126 (CCC); 19-1182 (CCC)**

**OPINION AND ORDER**

Plaintiff Romero-Figueroa ("Romero") is an inmate at the Puerto Rico Correctional System. (Docket No. 3-1). He has filed two *pro se* complaints against Trinity Services Group Inc. ("Trinity"). See 19-cv-1126; 19-cv-1182. Upon request by Romero, this court consolidated both complaints. (19-1126 Docket No. 13). Trinity has moved to dismiss both of Romero's complaints. (Docket Nos. 10; 21). Romero timely opposed Trinity motion to dismiss. (Docket No. 20). After examining both parties' briefs, the Court **GRANTS** Trinity's motions to dismiss.

**I.   Background**

Romero filed two handwritten complaints under 42 U.S.C. § 1983, against Trinity claiming that Trinity violated his constitutional rights. (19-1126 Docket No. 3 at 7; 19- 1182 Docket No. 3 at 7). Trinity is a private entity that serves meals to the inmates at Romero's correctional facility. (19-1126 Docket No. 3 at 7). Both of Romero's complaints plead that he suffers from a health condition which causes constipation. (19-1126 Docket No. 3 at 7; 19- 1182 Docket No. 3 at 7). Due to his health condition, the prison physicians have prescribed him a high fiber diet. (19-1126 Docket No. 3 at 7). Following the prescribed diet directions, Romero received whole wheat bread in his meals instead of white bread. Id.  According to Romero, Trinity announced that they would

**Case No. 19-1126 (CCC); 19-1182 (CCC)**

not serve whole wheat bread to the inmates. (19-1126 Docket No. 3 at 7). Romero claims that Trinity forgot that they had to serve him a medically required diet high on fiber. Id.

Romero's first case, 19-1125, reveals that he filed a first administrative grievance within Puerto Rico Correctional Facility System. (Docket No. 3-1 at 1). In the administrative grievance, Romero claimed that Trinity was not serving him whole wheat bread as his diet required. Id. Romero explained that due to Trinity's failure, he had been suffering from constipation problems. Id. Accordingly, Romero demanded that whole wheat bread be delivered to him in his meals instead of white bread. Id. The correctional facility denied Romero's grievance. Id. at 2. In its denial, the Correctional Facility stated that Trinity was going to substitute the whole wheat bread's fiber for grains, vegetables, and cereals. Id. Subsequently, Romero filed a reconsideration. Id. at 3-4. He argued that Trinity had no authority to change his medically prescribed diet because it did not include any food substitutes. Id. at 3. His reconsideration was subsequently denied. Id. at 5.

Romero's second case, 19-cv-1182, further reveals that Romero later filed a second grievance within the correctional facility system. (19-1182, Docket No. 3-1 at 1). In that administrative grievance, Romero again stated that Trinity had still not provided him his high fiber diet. Id. at 2. He demanded that Trinity complied with his physician's specifications. Id. The Correctional Facility denied Romero's claim because he was already receiving his medical diet. Id. at 3. Romero filed a reconsideration. Id. at 5. He clarified that he was receiving his diet and was feeling better from his constipation problems. Id. However, Romero explained that while Trinity ultimately provided him his diet, it was not until he had suffered many grievances during the process. Id. at 5. The Correctional Facility again denied Romero's reconsideration. Id. at 6.

Due to the facts described above, Romero filed the two instant suits. See 19-1126; 19-1182. In essence, both of Romero's complaints seem to allege that Trinity violated Romero's rights under

**Case No. 19-1126 (CCC); 19-1182 (CCC)**

the Eighth Amendment by depriving him of his medical need for a high fiber diet. (19-1126 Docket No. 3 at 7; 19-1182 Docket No. 3 at 7). See 19-1126, Docket No. 3-1 at 3-4.  The complaints do not explain if Romero properly sought judicial review of the Correctional Facility's decision in the Puerto Rico Court of Appeals, as the reconsideration process from the correctional facility requires. See 19-1126, Docket No. 3-1 at 5.

Trinity now moves to dismiss both of Romero's complaints. (Docket Nos. 10; 21).  It seeks dismissal of the complaints on four different grounds.  First, that Romero has failed to serve the summons and complaint to Trinity in a timely manner.[1]  Second, that Romero failed to state a claim under FED. R. CIV. P. 12(b)(6).  Third, that Romero did not exhaust the administrative remedies available to him and accordingly his complaint should be dismissed under 42 U.S.C. § 1997e.  And, as a fourth ground, Trinity moves to dismiss under FED. R. CIV. P. 19(b) claiming that Romero failed to join the prison physicians and the Puerto Rico Correctional Facility System as parties in the instant suits.

**II.    Standard of review**

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6) ("Rule 12(b)(6)").  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level." Id. at 555.

---

[1] The Court previously ordered the U.S. Marshals to properly serve Trinity the complaint because it found that Trinity had not been properly served. (19-1126 Docket No. 11).  The parties should construe such Order as an order to quash the service of process. See Rivera Otero v. Amgen Manufacturing Limited, 317 F.R.D. 326, 328 (D.P.R. 2016).  After the Court's Order, Trinity was properly served with the summons and complaint. (19-1126 Docket No. 17).  Accordingly, Trinity's claim is meritless and will not be further addressed by the Court in the Analysis section below.

When considering a motion to dismiss under Rule 12(b)(6), the Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Then, the Court must accept all non-conclusory factual allegations in the Complaint as true and draw any reasonable inferences in favor of the plaintiff. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

Finally, the courts may affirm a motion to dismiss "only if the facts lend themselves to no viable theories of recovery." Phoung Luc v. Wyndham Management Corp., 496 F.3d 85, 88 (1st Cir. 2007). A *pro se* complaint is to be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Accordingly, "'a *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III.   Analysis**

Romero's complaints claim that Trinity violated his constitutional rights by not providing him his medically required diet. (Docket No. 20 at ¶ 3.5). The Eighth Amendment is meant to prohibit punishments to prisoners which involve "unnecessary and wanton infliction of pain[.]" Estelle v. Gamble, 429 U.S. 97, 104 (1976). Following this principle, the Supreme Court has ruled that it is against the Eighth Amendment for prison officials to exhibit deliberate indifference to a prisoner's medical needs. Id. Accordingly, the Eighth Amendment prohibits the infliction of cruel and unusual punishment, such as the one Romero is alleging in his complaints. See id.

To prove an Eighth Amendment violation, a prisoner, such as Romero, must satisfy an objective and subjective prong. Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014). The objective prong requires that a prisoner shows proof of a 'serious' medical need. Id. "A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or one that is

so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990). After satisfying the objective prong, the subjective prong requires a prisoner to show that prison officials had deliberate indifference towards his medical need. Kosilek, 774 F.3d at 82.

A prisoner satisfies the subjective prong when he shows that the treatment was purposely denied to him or by showing that the prison officials recklessly allowed the medical treatment denial. Id. at 83. In other words, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1970). The subjective prong is not satisfied if the prison official's acts in treating the prisoner's medical condition were based on negligence. Id. at 835. For instance, inadvertent failure to provide medical care is not a violation of the Eighth Amendment, as it does not constitute unnecessary and wanton infliction of pain. Estelle, 429 U.S. at 105-106.

After examining Romero's complaints, the Court understands that Romero successfully pled a 'serious' medical need, as required by the objective prong. The Court reaches this conclusion because the complaints allege: that prison physicians prescribed Romero a high fiber diet. (19-1126 Docket No. 3 at 7; 19- 1182 Docket No. 3 at 7). That the fiber that Romero needed was provided to him through whole wheat bread. (19-1126 Docket No. 3 at 7). That at one point, Trinity did not supply Romero whole wheat bread or any fiber source. (19-1126 Docket No. 3 at 7; 19- 1182 Docket No. 3 at 7). And finally, that due to Trinity's actions, Romero suffered constipation problems from the lack of fiber in his diet. (19-1126 Docket No. 3 at 7; 19- 1182 Docket No. 3 at 7). These facts plead that Romero received inadequate medical treatment and that Romero's constipation problems are a 'serious' medical need. As they caused him strong abdominal pain. (19-

**Case No. 19-1126 (CCC); 19-1182 (CCC)**

1182 Docket No. 3 at 7).  This pleading, however, is not enough to state an Eighth Amendment violation under 42 U.S.C. § 1983.  See Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014).  Romero also needs to plead that Trinity had knowledge of his condition and purposely or recklessly denied Romero his medical treatment. Id.

Romero's complaints have failed to comply with the second part of this necessary pleading. In other words, Romero was unable to show that Trinity acted with deliberate indifference to his medical needs. The Court notes that Romero's pleading is somewhat confusing regarding this matter because one of his complaints clearly states that Trinity did not know of his medical condition and prescribed diet. (19-1126 Docket No. 3 at 7).  In the other complaint, Romero states that while Trinity ultimately provided him his diet, it was not until he had suffered many grievances during the process. (19-1182 Docket No. 3-1 at 5).  A form of saying that Trinity knew about his condition.

Although Romero seems to suggest that Trinity knew about his condition in the previous pleading, the Court rules that the statement is conclusory, vague, and not enough to state that Trinity purposely or recklessly denied Romero his medical treatment. See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (stating that a court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements").  Setting aside Romero's conclusory claim, the complaints is devoid of any other statement that Trinity knew of his condition and decided to deny Romero his treatment.

Additionally, Romero's complaints fail to state that the prison doctors' prescription can only be met by giving Romero whole wheat bread. (19-1126 Docket No. 3 at 7; 19- 1182 Docket No. 3 at 7).  According to Romero's enumerated description of the medical prescription, the doctor recommended specifically for a high fiber diet. The enumerated description does not make any

6

reference to whole wheat bread. Therefore, according to Romero's enumerated description the diet does not necessarily require whole wheat bread.  Accordingly, Romero's claim that he is entitled to whole wheat bread as part of his prescribed diet is conclusory and not supported by the factual development in his 19-1182 complaint pleading. (19- 1182 Docket No. 3 at 7).

The Court understands that Romero wishes to be served his medical diet and whole wheat bread because it has helped him to eliminate his past constipation problems.  But, since Romero is already receiving his diet, the Eighth Amendment does require a prison administrator to provide the care that a prisoner deems perfect for him. Kosilek, 774 F.3d at 82 (citing United States v. Derbes, 369 F.3d 579, 583 (1st Cir. 2004)). In this case, for Trinity to give him whole wheat bread.

In sum, without any facts to show that Trinity purposely or recklessly denied Romero his diet, the complaints, at most, plead negligence by Trinity.  Which is not enough to make Trinity liable under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 835 (1970).  Hence, the Court will dismiss Romero's complaints as the complaints failed to plead that Trinity showed deliberate indifference to Romero's needs.  Although it is not clear if Romero exhausted all the administrative remedies available to him before failing the instant suits, the Court may dismiss his complaints for failure to state a claim under 42 U.S.C. § 1997e(c)(2).[2] Having ruled that Romero's complaints should be dismissed for failure to state a claim, the Court will not address any other dismissal grounds alleged by Trinity.

**IV.  Conclusion**

---

[2] Section 1997e(c)(2) allows dismissal of a claim, under 42 U.S.C. § 1983, without first requiring the exhaustion of administrative remedies, if the complaint, on its face, does not state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2).

**Case No. 19-1126 (CCC); 19-1182 (CCC)**

For the reasons stated above, Trinity's Motions to dismiss are **GRANTED**. (19-1126 Docket Nos. 10; 21). Thus, Romero's complaints are **DISMISSED** for failure to state a claim under FED. R. CIV. P. 12(b)(6).

**SO ORDERED.**

In San Juan, Puerto Rico this 28th day of September 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
Chief United States District Judge